# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ORLANDO SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11CV1380JCH/MLM |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This is an action under Title 42 U.S.C. § 405(g) for judicial review of the final decision of Michael J. Astrue ("Defendant") denying the application of Orlando Smith ("Plaintiff") for Social Security disability benefits under Title II of the Social Security Act, 42 U.S.C. § § 401 et seq. Plaintiff has filed a brief in support of the Complaint. Doc. 15. Defendant has filed a brief in support of the Answer. Doc.18. Plaintiff filed a Reply and a Motion to Correct the Record With Regard to Plaintiff's Date Last Insured (Plaintiff's DLI). Docs. 19, 21. On March 2, 2012, the court granted Plaintiff's Motion to Amend/Correct the Record and ordered that the record shall reflect that Plaintiff's DLI was June 30, 2008. Defendant then filed a Motion for Remand. Doc. 26. Plaintiff filed a Motion in Opposition to Defendant's Motion to Remand. Doc. 27. This matter was referred to the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1). Doc. 4.

## I.
## PROCEDURAL HISTORY

Plaintiff filed an application for disability benefits on **December 11, 2001**, alleging a disability onset date of April 3, 2001. Tr. 72-73. After his application was denied, Plaintiff filed a request for

a hearing before an Administrative Law Judge ("ALJ"). Tr. 60, 69. A hearing was held before an ALJ on January 7, 2004, and, on July 27, 2004, the ALJ issued a decision finding Plaintiff not disabled through the date of the decision. Tr. 11-22. The Appeals Council denied Plaintiff's Request for Review. Tr. 6-9.

On March 24, 2006, this court reversed the decision of the ALJ and remanded Plaintiff's case to the Commissioner for further proceedings.[1] Tr. 547-72. Accordingly, the Appeals Council remanded the matter to an ALJ. Tr. 575-77. Following a hearing, the ALJ issued a partially favorable decision on December 7, 2006, finding that Plaintiff was entitled to a closed period of disability benefits from April 3, 2001, to December 6, 2003 and that Plaintiff was not disabled after December 6, 2003. Tr. 580-90. Plaintiff filed a Request for Review with the Appeals Council, which remanded Plaintiff's case to the ALJ on August 21, 2009. Upon remanding to the ALJ, the Appeals Council directed the ALJ to conduct further proceedings and to reevaluate the issue of Plaintiff's disability after December 6, 2003. Tr. 593-95. Following a supplemental hearing, the ALJ issued a decision, on **April 13, 2011**, finding that Plaintiff was not disabled for the period after December 6, 2003, through March 31, 2006, the date which the ALJ assumed was Plaintiff's DLI. Tr. 526-46. On August 10, 2011, Plaintiff filed his Complaint in the matter under consideration seeking review of the April 13, 2011 ALJ decision.

---

[1] Plaintiff argued, and the court found, in Case No. 4:10CV360AGF, that the ALJ failed to properly address a November 2001 determination by the Veterans Administration ("VA") that Plaintiff was 60 percent disabled and 100 percent unemployable. The court found that the ALJ should have stated his reasons for discounting the opinion of the VA, other than to merely say that the decision was not binding on the Social Security Administration. Tr. 569-70. Additionally, the court found "other aspects of the ALJ's analysis troubling." Tr. 570-71.

# II.
# LEGAL STANDARDS

Under the Social Security Act, the Commissioner has established a five-step process for determining whether a person is disabled. 20 C.F.R. §§ 416.920, 404.1529. "'If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled.'" Goff v. Barnhart, 421 F.3d 785, 790 (8th Cir. 2005) (quoting Eichelberger v. Barnhart, 390 F.3d 584, 590-91 (8th Cir. 2004)). In this sequential analysis, the claimant first cannot be engaged in "substantial gainful activity" to qualify for disability benefits. 20 C.F.R. §§ 416.920(b), 404.1520(b). Second, the claimant must have a severe impairment. 20 C.F.R. §§ 416.920(c), 404.1520(c). The Social Security Act defines "severe impairment" as "any impairment or combination of impairments which significantly limits [claimant's] physical or mental ability to do basic work activities." Id. "The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on [his or] her ability to work." Page v. Astrue, 484 F.3d 1040, 1043 (8th Cir. 2007) (quoting Caviness v. Massanari, 250 F.3d 603, 605 (8th Cir. 2001) (citing Nguyen v. Chater, 75 F.3d 429, 430-31 (8th Cir. 1996))).

Third, the ALJ must determine whether the claimant has an impairment which meets or equals one of the impairments listed in the Regulations. 20 C.F.R. §§ 416.920(d), 404.1520(d); pt. 404, subpt. P, app. 1. If the claimant has one of, or the medical equivalent of, these impairments, then the claimant is per se disabled without consideration of the claimant's age, education, or work history. Id.

Fourth, the impairment must prevent the claimant from doing past relevant work. 20 C.F.R.

§§ 416.920(f), 404.1520(f). The burden rests with the claimant at this fourth step to establish his or her Residual Functional Capacity ("RFC"). Steed v. Astrue, 524 F.3d 872, 874 n.3 (8th Cir. 2008) ("Through step four of this analysis, the claimant has the burden of showing that she is disabled."); Eichelberger, 390 F.3d at 590-91; Masterson v. Barnhart, 363 F.3d 731, 737 (8th Cir. 2004); Young v. Apfel, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000). The ALJ will review a claimant's RFC and the physical and mental demands of the work the claimant has done in the past. 20 C.F.R. § 404.1520(f).

Fifth, the severe impairment must prevent the claimant from doing any other work. 20 C.F.R. §§ 416.920(g), 404.1520(g). At this fifth step of the sequential analysis, the Commissioner has the burden of production to produce evidence of other jobs in the national economy that can be performed by a person with the claimant's RFC. Steed, 524 F.3d at 874 n.3; Young, 221 F.3d at 1069 n.5. If the claimant meets these standards, the ALJ will find the claimant to be disabled. "The ultimate burden of persuasion to prove disability, however, remains with the claimant." Id. See also Harris v. Barnhart, 356 F.3d 926, 931 n.2 (8th Cir. 2004) (citing 68 Fed. Reg. 51153, 51155 (Aug. 26, 2003)); Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("The burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five."); Charles v. Barnhart, 375 F.3d 777, 782 n.5 (8th Cir. 2004) ("[T]he burden of production shifts to the Commissioner at step five to submit evidence of other work in the national economy that [the claimant] could perform, given her RFC.").

Even if a court finds that there is a preponderance of the evidence against the ALJ's decision, that decision must be affirmed if it is supported by substantial evidence. Clark v. Heckler, 733 F.2d 65, 68 (8th Cir. 1984). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." Krogmeier v.

Barnhart, 294 F.3d 1019, 1022 (8th Cir. 2002). See also Cox v. Astrue, 495 F.3d 614, 617 (8th Cir. 2007). In Bland v. Bowen, 861 F.2d 533, 535 (8th Cir. 1988), the Eighth Circuit Court of Appeals held:

> [t]he concept of substantial evidence is something less than the weight of the evidence and it allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the Secretary may decide to grant or deny benefits without being subject to reversal on appeal.

See also Lacroix v. Barnhart, 465 F.3d 881, 885 (8th Cir. 2006) ("[W]e may not reverse merely because substantial evidence exists for the opposite decision.") (quoting Johnson v. Chater, 87 F.3d 1015, 1017 (8th Cir. 1996)); Hartfield v. Barnhart, 384 F.3d 986, 988 (8th Cir. 2004) ("[R]eview of the Commissioner's final decision is deferential.").

It is not the job of the district court to re-weigh the evidence or review the factual record de novo. Cox, 495 F.3d at 617; Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); McClees v. Shalala, 2 F.3d 301, 302 (8th Cir. 1993); Murphy v. Sullivan, 953 F.2d 383, 384 (8th Cir. 1992). Instead, the district court must simply determine whether the quantity and quality of evidence is enough so that a reasonable mind might find it adequate to support the ALJ's conclusion. Davis v. Apfel, 239 F.3d 962, 966 (8th Cir. 2001) (citing McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000)). Weighing the evidence is a function of the ALJ, who is the fact-finder. Benskin v. Bowen, 830 F.2d 878, 882 (8th Cir. 1987). See also Onstead v. Sullivan, 962 F.2d 803, 804 (8th Cir. 1992) (holding that an ALJ's decision is conclusive upon a reviewing court if it is supported by "substantial evidence"). Thus, an administrative decision which is supported by substantial evidence is not subject to reversal merely because substantial evidence may also support an opposite conclusion or because the reviewing court would have decided differently. Krogmeier, 294 F.3d at 1022. See also

Eichelberger, 390 F.3d at 589; Nevland v. Apfel, 204 F.3d 853, 857 (8th Cir. 2000) (quoting Terrell v. Apfel, 147 F.3d 659, 661 (8th Cir. 1998)); Hutsell v. Massanari, 259 F.3d 707, 711 (8th Cir. 2001).

To determine whether the Commissioner's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole and to consider:

(1) Findings of credibility made by the ALJ;

(2) The education, background, work history, and age of the claimant;

(3) The medical evidence given by the claimant's treating physicians;

(4) The subjective complaints of pain and description of the claimant's physical activity and impairment;

(5) The corroboration by third parties of the claimant's physical impairment;

(6) The testimony of vocational experts based upon proper hypothetical questions which fairly set forth the claimant's physical impairment; and

(7) The testimony of consulting physicians.

Brand v. Sec'y of Dep't of Health, Educ. & Welfare, 623 F.2d 523, 527 (8th Cir. 1980); Cruse v. Bowen, 867 F.2d 1183, 1184-85 (8th Cir. 1989).

Additionally, an ALJ's decision must comply "with the relevant legal requirements." Ford v. Astrue, 518 F.3d 979, 981 (8th Cir. 2008).

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(i)(1)(A); 42 U.S.C. § 423(d)(1)(A).

RFC is defined as what the claimant can do despite his or her limitations, 20 C.F.R. §

6

404.1545(a)(1), and includes an assessment of physical abilities and mental impairments. 20 C.F.R. § 404.1545(b)-(e). The Commissioner must show that a claimant who cannot perform his or her past relevant work can perform other work which exists in the national economy. Karlix v. Barnhart, 457 F.3d 742, 746 (8th Cir. 2006); Nevland, 204 F.3d at 857 (citing McCoy v. Schweiker, 683 F.2d 1138, 1146-47 (8th Cir. 1982) (en banc)). The Commissioner must first prove that the claimant retains the RFC to perform other kinds of work. Goff, 421 F.3d at 790; Nevland, 204 F.3d at 857. The Commissioner has to prove this by substantial evidence. Warner v. Heckler, 722 F.2d 428, 431 (8th Cir. 1983). Second, once the plaintiff's capabilities are established, the Commissioner has the burden of demonstrating that there are jobs available in the national economy that can realistically be performed by someone with the plaintiff's qualifications and capabilities. Goff, 421 F.3d at 790; Nevland, 204 F.3d at 857.

To satisfy the Commissioner's burden, the testimony of a vocational expert ("VE") may be used. An ALJ posing a hypothetical to a VE is not required to include all of a plaintiff's limitations, but only those which he finds credible. Goff, 421 F.3d at 794 ("[T]he ALJ properly included only those limitations supported by the record as a whole in the hypothetical."); Rautio, 862 F.2d at 180. Use of the Medical-Vocational Guidelines is appropriate if the ALJ discredits the plaintiff's subjective complaints of pain for legally sufficient reasons. Baker v. Barnhart, 457 F.3d 882, 894-95 (8th Cir. 2006); Carlock v. Sullivan, 902 F.2d 1341, 1343 (8th Cir. 1990); Hutsell v. Sullivan, 892 F.2d 747, 750 (8th Cir. 1989).

### III.
### DISCUSSION

The issue before the court is whether substantial evidence supports the Commissioner's final

determination that Plaintiff was not disabled. Onstead, 962 F.2d at 804. Thus, even if there is substantial evidence that would support a decision opposite to that of the Commissioner, the court must affirm his decision as long as there is substantial evidence in favor of the Commissioner's position. Cox, 495 F.3d at 617; Krogmeier, 294 F.3d at 1022.

As stated above, Plaintiff has been granted a closed period of disability from April 3, 2001, through December 6, 2003. Upon issuing his April 13, 2011 decision, the ALJ assumed that Plaintiff's DLI was March 31, 2006. Tr. 527, 581, 683-85. To be eligible for Title II disability benefits, Plaintiff must establish that he was disabled prior to the expiration of his insured status. See 20 C.F.R. § 404.130; Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997); Mapes v. Chater, 82 F.3d 259, 261 n.2 (8th Cir. 1996). This court has subsequently determined, pursuant to documentation provided by Plaintiff, that Plaintiff's DLI was not March 31, 2006. Rather, it was June 30, 2008.[2]

The district court previously held, in regard to the factual background of this matter:

Plaintiff, who was born on August 28, 1973, applied for disability benefits on July 29, 2002, claiming a disability onset date of April 3, 2001, due to chronic obstructive pulmonary disease (COPD), bronchial asthma, chronic bronchitis, allergic rhinitis, depression, and side effects from his medications including fatigue, dizziness, and pelvic pain. He stated on his application forms that his severe respiratory problems began after his service in the United States Navy in Saudi Arabia during Desert Storm. ...

Plaintiff's earnings record shows erratic and sparse earnings from 1989 through 2001. The only years in which he had significant earnings were in 1992, 1993, 1996, 1998, and 1999, in which he earned approximately $9,000, $11,000, $11,000, $24,000, and $17,000, respectively. On his application forms, Plaintiff wrote that he had various unskilled jobs from 1989 through 1992, and that from January 1992 until the end of 1993 he served in the United States Navy. From November 1993 until September 1997, Plaintiff worked at a carwash; and from September 1997

---

[2] Defendant does not take issue with Plaintiff's DLI being June 30, 2008, rather than March 31, 2006. Doc. 26 at 1.

through November 1997, he had various other unskilled jobs. In January 1998 Plaintiff began working as a mail handler for the United States Postal Service and continued in this position until April 2001, although he was frequently absent. Tr. at 85, 131, 375.

Tr. 548-50.

As Plaintiff was found disabled from his onset date of April 3, 2001, until December 6, 2003, the ALJ's opinion which is before this court for review addresses only Plaintiff's condition subsequent to December 6, 2003, and prior to March 31, 2006. This ALJ decision does not address whether Plaintiff became disabled after March 31, 2006. Because Plaintiff's DLI was June 30, 2008, and not March 31, 2006, at issue is whether Plaintiff became disabled at any time subsequent to December 6, 2003, and prior to June 30, 2008. See 20 C.F.R. § 404.130; Long, 108 F.3d at 187; Mapes, 82 F.3d at 261 n.2.

The ALJ found that Plaintiff had not engaged in substantial gainful activity from his alleged onset date through March 31, 2006; that he had the severe impairments of asthma with sinusitis and allergic rhinitis, COPD, and degenerative disc disease and degenerative joint disease of the lumbar spine; that Plaintiff's seborrheic dermatitis, gastroesophageal reflux disease, left shoulder bursitis, and depressive disorder were not severe; that Plaintiff did not have an impairment which met or equaled a listed impairment; the Plaintiff was not fully credible; that Plaintiff had the RFC to perform sedentary work with additional limitations;[3] that, through March 31, 2006, Plaintiff was unable to

---

[3] 20 C.F.R. § 404.1567(a) defines sedentary work as follows: "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." Indeed, SSR 85-15, 1985 WL 56857, at *5, states that "[w]here a person has some limitation in climbing and balancing and it is the only limitation, it would not ordinarily have a significant impact on the broad world of work. ... If a person can stoop occasionally (from very

perform past relevant work; that Plaintiff was a "younger individual; that, based on the testimony of a VE, there was work in the national economy which Plaintiff could perform; and that, therefore, Plaintiff was not disabled from December 6, 2003, through March 31, 2006.[4] The RFC which the ALJ assigned to Plaintiff included the following additional limitations in regard to his performing sedentary work: he could occasionally stoop, kneel, crouch, and climb stairs and ramps; he could never crawl or climb ladders, ropes, and scaffolds, he was required to avoid even moderate exposure to extreme cold, extreme heat, wetness, fumes, odors, dust, and gases; and he was required to avoid concentrated exposure to hazards and heights. Tr. 534.

Plaintiff contends in his Brief in Support of Complaint that the ALJ's decision is not supported by substantial evidence because the ALJ failed to find that Plaintiff's condition met or equaled the listing for Asthma; because the ALJ failed to consider the effects of Plaintiff's medical regimen and treatment needs on his employability; because the ALJ failed to give controlling weight to the

---

little up to one-third of the time) in order to lift objects, the sedentary and light occupational base is virtually intact." The sitting requirement for the full range of sedentary work "allows for normal breaks, including lunch, at two hour intervals." Ellis v. Barnhart, 392 F.3d 988, 996 (8th Cir. 2005) (citing SSR 96-9p, 1996 WL 374185, at *6 (July 2, 1996)). Additionally the range of sedentary jobs requires a claimant "to be able to walk or stand for approximately two hours out of an eight-hour day. The need to alternate between sitting and standing more frequently than every two hours could significantly erode the occupational base for a full range of unskilled sedentary work." Id. at 997 (citing 1996 WL 374185 at *7). Moreover, SSR 96-9p requires that "the RFC assessment should include the frequency with which an applicant needs to alternate between sitting and standing, and if the need exists, that vocational expert testimony may be more appropriate than the grids." Id. It also states that "a finding that an individual has the ability to do less than a full range of sedentary work does not necessarily equate with a decision of disabled."

[4] The ALJ erroneously stated in the text of his decision that Plaintiff was not disabled after April 3, 2001, but it is otherwise clear from the text that this was a typographical error and that the ALJ meant to say that Plaintiff was not disabled after December 6, 2003. Tr. 546.

testimony of Anne Winkler, M.D., who testified that Plaintiff equaled the listing; and because the ALJ improperly assessed Plaintiff's credibility. In Brief in Support of Complaint and in his subsequent filings with this court, Plaintiff contends that the court should reverse the ALJ's determination and find Plaintiff disabled after December 6, 2003.

A.  **WHETHER PLAINTIFF WAS DISABLED FROM DECEMBER 6, 2003, TO MARCH 31, 2006:**

The record, including Plaintiff's pulmonary testing, reflects that Plaintiff's condition improved after December 6, 2003, and before March 31, 2006. Merely because Plaintiff improved, however, it cannot be concluded that he was not disabled during the period from December 6, 2003, to March 31, 2006. The record clearly reflects that during the period of December 6, 2003, to March 31, 2006, as well as just before and just after that period, Plaintiff was prescribed to take albuteral by nebulizer every six hours. Tr. 501 (Nov. 25, 2003), 506 (Nov. 25, 2003), 715 (March 31, 2006), 719 (March 9, 2006), 730 (August 1, 2005), 757 (Aug. 12, 2004), 763 (June 14, 2004), 830 (July 5, 2006), 833 (Apr. 26, 2006). On March 11, 2004, Plaintiff reported to Raymond Leung, M.D., that he used a nebulizer three times a day. Tr. 513. As Plaintiff's medical records do not reflect that a doctor prescribed the use of a nebulizer three times a day, the ALJ was not required to credit Plaintiff's testimony in this regard. Nonetheless, the medical records do substantiate Plaintiff's need between December 6, 2003, and March 31, 2006, to use a nebulizer every six hours. That would require, by any calculation, that he would have to use a nebulizer at least once during an eight-hour work day.[5]

A VE testified, assuming a nebulizer treatment would take twenty minutes to administer and

---

[5]  At the March 18, 2011 hearing, Plaintiff testified that, at the time of the hearing, he used a nebulizer twice a day, in the morning and the evening; that the procedure took "15, 20 minutes"; that after he finished the procedure he was shaky and dizzy for twenty to thirty minutes; and that, during those twenty to thirty minutes, he stayed as immobile as possible. Tr. 1010-11.

11

twenty minutes to clean-up, assuming that Plaintiff would have post-treatment shakiness, and assuming Plaintiff had to have a nebulizer treatment during the work-day, that there would be no work which Plaintiff could perform. Tr. 988. Despite this testimony and despite the record's unequivocally establishing Plaintiff's need to use a nebulizer every six hours, the ALJ found Plaintiff not disabled for the period of December 6, 2003, to March 31, 2006. As such, the court finds that the ALJ's decision regarding the period of December 6, 2003, to March 31, 2006, is not based on substantial evidence and that Plaintiff met his burden to establish that he is disabled. See Krogmeier, 294 F.3d at 1022; Cox, 495 F.3d at 617; Stormo, 377 F.3d at 806. The court finds, therefore, that Plaintiff should be awarded benefits for the period from December 6, 2003, to March 31, 2006, and that this matter should be reversed and remanded for the purpose of awarding Plaintiff benefits for this period.

**B.    WHETHER PLAINTIFF WAS DISABLED AFTER MARCH 31, 2006:**

As stated above, the ALJ did not consider whether Plaintiff was disabled after March 31, 2006. Because there is no opinion by an ALJ for this court to review, the court does not have jurisdiction to consider whether Plaintiff was disabled after March 31, 2006, despite the strong evidence in the record suggesting that Plaintiff's condition worsened after that date.[6] See 42 U.S.C. § 405(g). Upon reversing and remanding of this matter, the court will, therefore, direct the Commissioner to consider whether Plaintiff was disabled after March 31, 2006.

---

[6]    Plaintiff presented to the emergency room due to respiratory problems on May 15, 2006. Tr. 784. When Plaintiff presented to the VA in September 2006 complaining of coughing and wheezing daily and every night, he said he used his inhaler five to six times a day. Tr. 817. Myron Jacobs, M.D., administered Xolair injections to Plaintiff on July 11, August 1, August 15, and August 29, 2006. Tr. 811-14. Records from Plaintiff's treatment at the VA in September 2006 reflect that it was recommended that he continue all of his current medications, including Xolair injections. Tr. 817.

# IV.
# CONCLUSION

For the reasons set forth above, the court finds that the decision of the Commissioner denying Plaintiff disability benefits for the period from December 6, 2003, to March 31, 2006, is not supported by substantial evidence on the record as a whole and that Plaintiff should be awarded benefits for this period. The court further finds that it is without jurisdiction to determine whether Plaintiff was disabled after March 31, 2006, and that, upon this matter's being reversed and remanded, the Commissioner should consider this issue.

Accordingly,

**IT IS HEREBY RECOMMENDED** that the relief sought by Plaintiff in his Complaint, in his Brief in Support of Complaint, in his Reply, and in his Motion to Correct the Record be **GRANTED,** in part, **and DENIED,** in part; Docs. 1, 13, 19, and 21

**IT IS FURTHER RECOMMENDED** that Plaintiff be found disabled for the period from December 6, 2003, to March 31, 2006; that the Commissioner be directed to determine whether Plaintiff was disabled after March 31, 2006; and this matter be Reversed and Remanded to the Commissioner with instructions to award Plaintiff benefits for the period from December 6, 2003, to March 31, 2006, and with instructions to determine whether Plaintiff was disabled after March 31, 2006.

**IT IS FURTHER RECOMMENDED** a separate order Reversing and Remanding this matter be entered incorporating this Report and Recommendation;

The parties are advised that they have fourteen (14) days in which to file written objections to these recommendations pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good

cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact.  See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 28th day of  March, 2012.